**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: | : | Chapter 13 |
| | : | |
| NICHOLAS R. ALGIER, | : | Case No. 26-12924 (PMM) |
| | : | |
| Debtor. | : | |

**<u>STIPULATED CONSENT ORDER PROVIDING FOR TURNOVER OF THE VEHICLE</u>**

WHEREAS, on May 7, 2021, Nicholas R. Algier (the "Debtor") obtained motor vehicle financing (the "Loan") from Police and Fire Federal Credit Union ("PFFCU") pursuant to which PFFCU financed the Debtor's purchase of a 2022 Honda Palisade, VIN # KM8R5DHE2MU292342 (the "Vehicle");

WHEREAS, PFFCU holds a valid and enforceable security interest in the Vehicle;

WHEREAS, on August 14, 2024 (the "First Petition Date"), the Debtor filed a Petition under Chapter 13 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Pennsylvania (the "Bankruptcy Court"), initiating Case No. 24-12841 (PMM) (the "First Bankruptcy");

WHEREAS, the Debtor filed a Chapter 13 Plan, which the Bankruptcy Court confirmed on September 23, 2025 (the "Confirmation Date");

WHEREAS, the Debtor's Chapter 13 Plan provided for full repayment of the Loan;

WHEREAS, the Debtor has made no payments on the Loan to PFFCU since the Confirmation Date and has not repaid the Loan;

WHEREAS, the Debtor's First Bankruptcy was dismissed by Bankruptcy Court order on July 7, 2026 for failure to make plan payments;

WHEREAS, on July 10, 2026 (the “Second Petition Date”), the Debtor filed a Petition under Chapter 13 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Pennsylvania, initiating Case No. 26-12924 (PMM);

WHEREAS, prior to the Second Petition Date, due to the Debtor’s default in his payment obligations to PFFCU, on or about July 9, 2026, PFFCU repossessed the Vehicle;

WHEREAS, the Debtor has requested that PFFCU turnover the Vehicle;

WHEREAS, to avoid the costs of litigation the Parties have agreed to resolve the issues between them.

NOW, THEREFORE, each in consideration of the promises of the other and intending to be legally bound, subject to the approval of the Bankruptcy Court, it is hereby agreed as follows:

1. In exchange for turnover of the Vehicle, the Debtor will pay PFFCU the repossession and storage fees ($675) in full by bringing such payment to a PFFCU branch in the form of cash deposit or certified bank check before the Vehicle is turned over.

2. Additionally, PFFCU shall receive $400 per month, retroactive to the Petition Date, as adequate protection from the payments made by the Debtor to the Chapter 13 trustee pending confirmation of a plan, which adequate protection payments shall be applied to the balance of the auto loan, the outstanding balance of which, including interest and late fees, was $21,598.50 as of the Second Petition Date.

3. Further, the Debtor’s Chapter 13 plan shall provide for full repayment of the auto loan, the outstanding balance of which, including interest and late fees, was $21,598.50 as of the Second Petition Date.

4. As of the Second Petition Date, PFFCU asserts that the clean retail value of the Vehicle was $32,225 based on J.D. Power’s estimate for the Vehicle.

5. The Debtor shall maintain insurance coverage on the Vehicle in accordance with Pennsylvania law, naming PFFCU as the loss payee.

6. In exchange for the consideration provided herein, PFFCU will provide the Debtor with the release instructions to arrange pickup of the Vehicle upon its receipt of the initial payment set forth in paragraph 1 above.

7. PFFCU reserves all rights with respect to the Vehicle.

8. Should the Debtor fail to comply with any of the terms of this Stipulation or fail to make payments to the Chapter 13 Trustee such that the payments set forth herein are not received by PFFCU, counsel for PFFCU may serve counsel to the Debtor with a notice of default and Debtor shall have ten (10) days from counsel's receipt thereof to cure the default in full or PFFCU may, without further notice, file a Certification of Default with the Court.

9. The Debtor may not oppose the Certification of Default except on the basis that Debtor has cured the underlying default. If the Debtor cures the default after the certification of default is filed, the Debtor shall be responsible for PFFCU's reasonable fees and costs incurred to prepare and file the Certification.

10. Upon submission of the Certification of Default, the Court shall enter an order granting relief from the automatic stay as to the Vehicle.

11. Each of the signatories to this Stipulation acknowledges and represents that his or her respective client has reviewed this Stipulation and has authorized the execution of same by his or her undersigned counsel.

12. This Stipulation may be executed by facsimile and/or e-mail and such facsimile and/or e-mail signatures shall be deemed originals.

CONSENTED TO BY:

DILWORTH PAXSON LLP

DATED: July 16, 2026

*/s/ Anne M. Aaronson*
Anne M. Aaronson, Esquire
*Attorney for PFFCU*

CONSENTED TO BY:

CIBIK LAW, P.C.

DATED: July 16, 2026

*/s/ Michael Cibik*
Michael Cibik, Esquire
*Attorney for Debtor*

CONSENTED TO BY:

CHAPTER 13 TRUSTEE

DATED: July 16, 2026

*/s/ Jack K. Miller*
Jack Miller, Esquire
*Office of the Chapter 13 Trustee*

DATED: July 16, 2026

SO ORDERED:

ENTERED ON: **August 24, 2026**

Patricia M. Mayer

The Honorable Patricia M. Mayer
United States Bankruptcy Judge



#125733410v3